73 P.3d 112

**STATE of Idaho,**

v.

**David Shawn DUTT.**

**No. 28176.**

Court of Appeals of Idaho.

May 20, 2003.

Review Denied July 28, 2003.

Craig Harrison Durham, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Judge.

David Shawn Dutt appeals from his judgment of conviction and sentences for three counts of lewd conduct with a minor. We affirm.

## I.

### FACTS AND PROCEDURE

Dutt was indicted by a grand jury on three counts of lewd conduct with a minor, I.C. § 18–1508, after his fourteen-year-old stepdaughter revealed that he had sexually abused her over a three-year period. After a trial, a jury found Dutt guilty of all three counts. Dutt was sentenced to two concurrent unified terms of thirty years, with minimum periods of confinement of ten years, and to a concurrent unified term of twenty years, with a ten-year minimum period of confinement.

Dutt now appeals, asserting that the district court violated his constitutional right to present a complete defense by limiting the testimony of one of his witnesses at trial and by admitting the testimony of a state witness

concerning the behavior and characteristics of sexually abused children and offenders. Dutt also contends that his sentences are excessive.

## II.

### ANALYSIS

#### A. Limitation of Defense Witness's Testimony

Prior to trial, the district court granted a request by Dutt for the preparation of a transcript of the grand jury proceeding. The district court ordered that a copy of the transcript be provided only to the state and defense counsel.[1] The state subsequently filed a pre-trial motion to exclude one of Dutt's trial witnesses, contending that defense counsel had violated the district court's order by providing a copy of the grand jury hearing transcript to the witness. At a hearing on the motion, the state informed the district court that the witness had received a copy of the grand jury hearing transcript and had become very hostile toward the state. The state advised that the witness had read the grand jury hearing transcript and the police reports and, based upon the witness's review of those documents, the witness said that she was prepared to testify that the offenses with which Dutt was charged could not have happened on the dates and at the times alleged by the victim. The district court thereafter concluded that defense counsel was in violation of its order restricting distribution of the transcript. The district court consequently ruled that, prior to the defense witness being allowed to testify at trial, Dutt would have to demonstrate the witness's knowledge both before and after her exposure to the grand jury hearing transcript. The district court concluded that, if Dutt could establish through an offer of proof that the witness's trial testimony would not be influenced by her exposure to the transcript and would instead have an independent basis, the witness's testimony would not be excluded.

Prior to the witness testifying at trial, Dutt submitted an offer of proof concerning the

---

1. The attorney representing Dutt on appeal is not the attorney who represented Dutt at trial.

witness's testimony. The witness's proffered testimony generally consisted of her opinion that, based on the victim's behavior in the weeks and months following the victim's removal from Dutt's home, the victim's allegations against Dutt were false. On cross-examination, the witness conceded that she had no personal knowledge of what occurred between the victim and Dutt. Dutt did not attempt to elicit any testimony from the witness concerning her knowledge of whether the offenses with which Dutt was charged could have happened on the dates and at the times alleged by the victim. Based on Dutt's offer of proof, the district court concluded that the witness's testimony would not be influenced by her exposure to the grand jury hearing transcript. Accordingly, the state's motion to exclude the witness was denied. The district court instructed the witness to confine her testimony to those matters within her knowledge that were not based upon her review of the transcript, and the witness complied.

On appeal, Dutt contends that his constitutional right to present a complete defense was violated when the district court limited the testimony of his witness as a consequence of defense counsel's violation of the district court's order regarding distribution of the grand jury hearing transcript. Dutt claims that the witness's excluded testimony—that the offenses with which he was charged could not have happened on the dates and at the times alleged by the victim—was necessary to his defense that the victim's allegations were untrue.

■■■ The right to present a complete and meaningful defense is grounded in the Sixth Amendment's Compulsory Process Clause and the Fourteenth Amendment's Due Process Clause. *See Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297, 308 (1973); *Washington v. Texas,* 388 U.S. 14, 17–19, 87 S.Ct. 1920, 1922–23, 18 L.Ed.2d 1019, 1022–23 (1967). Few rights are more fundamental than that of an accused to present witnesses in his or her defense. *Chambers,* 410 U.S. at 302, 93 S.Ct. at 1049, 35 L.Ed.2d at 312. The right to present exculpatory evidence is not without limitation, however. *State v. Siegel,*

137 Idaho 538, 543, 50 P.3d 1033, 1038 (Ct. App.2002). In the exercise of this right, the accused must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence. *Chambers,* 410 U.S. at 302, 93 S.Ct. at 1049, 35 L.Ed.2d at 312. The adversary process could not function effectively without adherence to such rules that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case. *Taylor v. Illinois,* 484 U.S. 400, 410–11, 108 S.Ct. 646, 654, 98 L.Ed.2d 798, 811 (1988). The determination of whether to exclude a defense witness's testimony for a violation of one of the rules of criminal procedure is committed to the trial court's discretion. *See State v. Harris,* 132 Idaho 843, 846, 979 P.2d 1201, 1204 (1999). *See also Siegel,* 137 Idaho at 543, 50 P.3d at 1038; *State v. Thomas,* 133 Idaho 800, 802, 992 P.2d 795, 797 (Ct.App.1999).

Idaho law places an emphasis on the secrecy of grand jury proceedings. Idaho Code Section 19–1112 and I.C.R. 6.4 prohibit members of the grand jury from disclosing what occurred during the proceedings before it. Disclosure of matters occurring before the grand jury by any of the grand jurors is a misdemeanor offense. I.C. § 18–4403. Idaho Criminal Rule 6.3(b) directs the court clerk to seal the record of the grand jury proceedings upon completion, which record cannot be examined by any person or transcribed except upon order of the trial court. In the event a trial court grants a request to distribute a copy of the grand jury proceedings to a person authorized in Rule 6.3(c), the trial court may place conditions upon the use, dissemination, or publication of such copy. The violation of the conditions imposed by the trial court constitutes contempt of the trial court's order. I.C.R. 6.3(c).

In the case at bar, Dutt argues extensively that the interests protected by the grand jury secrecy rule were not jeopardized by defense counsel's dissemination of the grand jury transcript to the witness and that the nature of defense counsel's violation did not justify curtailing his right to

present exculpatory evidence. However, we are not persuaded that the sanction crafted by the district court was necessarily intended to remedy defense counsel's violation of the grand jury secrecy rule or to protect the policies behind it. Rather, the district court's concern was aimed at ensuring that the testimony of Dutt's witness was based on a source independent from the grand jury hearing transcript.

■ Based upon our review of the record, we are convinced that the district court did not preclude Dutt from presenting the witness's testimony concerning her knowledge of whether the offenses with which Dutt was charged could have happened on the dates and times alleged by the victim. After the district court attempted to clarify its ruling that the witness would be permitted to testify if Dutt could establish that her testimony was not based upon her review of the grand jury hearing transcript, the following exchange took place:

DEFENSE: I understand what you're saying. But what I am telling you and what I am—I'm trying to explain and understand is that my work product has nothing to do with their exposure to any transcript. And if my work product provides the time line based upon the evidence that I have legally obtained and I have legally—

THE COURT: From the grand jury transcript—

DEFENSE:—and that time line is what has impacted their testimony because they don't believe it can happen, I can see where we can get into a real fine line and real muddy water there where the Counsel for the State could say, 'Well, it's inevitably impacted because my time line is drafted directly from that transcript.'

And I mean I understand both sides to that coin. My time line is that's where it came from.

THE COURT: Why is it then necessary for you to share this grand jury transcript with—

DEFENSE: Judge—

THE COURT:—if from what you're telling me that it would be an appropriate use

of materials from the grand jury transcript if you come in and say, "If the State's evidence is this, what would be your response to it?" Prospective defense witness—

DEFENSE: Correct.

THE COURT:—that would be an appropriate use, it seems to me, of the grand jury transcript material.

As evidenced by the above exchange, rather than excluding the testimony of the witness that Dutt now claims was necessary to his defense, the district court advised defense counsel that the witness's testimony would be admitted so long as Dutt could demonstrate through an offer of proof that there was a basis for the testimony independent of the grand jury hearing transcript. The scope of the district court's ruling was further clarified when, after Dutt submitted his offer of proof, the district court instructed the witness that she could not base her testimony on what she had read in the grand jury hearing transcript. When the witness inquired whether she could testify as to what she had personally observed, the district court informed her that her testimony in that regard would be permissible.

Further, when Dutt submitted his offer of proof at trial, he did not elicit any testimony from the witness concerning her knowledge of whether the allegations made by the victim could have happened on the dates and at the times claimed by the victim. Accordingly, there was no request by Dutt to present the testimony which he now asserts was improperly excluded nor any offer of proof of such testimony from which this Court could ascertain whether the testimony would have been admissible. For these reasons, we conclude that Dutt has failed to demonstrate that the limitation imposed by the district court upon the testimony of Dutt's witness at trial impacted his constitutional right to present a complete defense. Dutt has failed to establish that any relevant testimony was excluded by the district court's ruling.

**B. Expert Testimony**

Prior to trial, Dutt moved for an order requiring the state to submit an offer of proof concerning the testimony of Mydell

Yeager, a witness the state intended to call as an expert on the subject of delayed disclosure by child victims of sexual abuse. Alternatively, Dutt sought to exclude Yeager's testimony. The district court denied Dutt's motions. Over Dutt's objection, Yeager testified at trial in general terms concerning the progression of sexual abuse through various phases. Yeager also testified in general terms about the behavior and characteristics of victims and offenders as the sexual abuse progresses through each phase, including the victims' tendency to delay disclosing the abuse and the possible reasons for the delay.

Relying on *State v. Eytchison,* 136 Idaho 210, 30 P.3d 988 (Ct.App.2001), Dutt contends on appeal that the district court erred by admitting Yeager's trial testimony. Dutt asserts that, under *Eytchison,* Yeager was not qualified to testify concerning the general behavior and characteristics of victims and offenders in sexual abuse cases or the phenomenon of delayed disclosure.[2]

■■■ When a trial court's decision to admit expert testimony is challenged, we review the decision for an abuse of discretion. *State v. Merwin,* 131 Idaho 642, 645–46, 962 P.2d 1026, 1029–30 (1998); *State v. Konechny,* 134 Idaho 410, 414, 3 P.3d 535, 539 (Ct.App.2000). The admissibility of expert testimony is governed by Idaho Rule of Evidence 702, which provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The five sources of expert qualifications identified in the rule—knowledge, skill, experience, training, or education—are disjunctive. *Konechny,* 134 Idaho at 414, 3 P.3d at 539; *State v. Hopkins,* 113 Idaho 679, 681, 747 P.2d 88, 90 (Ct.App.1987). Therefore, academic training is not always a prerequisite to be qualified as an expert. Practical experience or specialized knowledge may be sufficient. *Konechny,* 134 Idaho at 414, 3 P.3d at 539. However, there must be some demonstration that the witness has acquired, through some type of training, edu-

cation or experience, the necessary expertise and knowledge to render the proffered opinion. *Konechny,* 134 Idaho at 414, 3 P.3d at 539.

In *Eytchison,* Yeager testified as an expert that it was her opinion that the victim in that case had been sexually abused. On appeal, the defendant contended that the state failed to lay an adequate foundation that Yeager was qualified to give such an opinion. This Court noted that the foundation evidence offered by the state at trial centered on Yeager's qualifications as a counselor and concluded that, although the foundational evidence showed that Yeager was highly qualified to treat and counsel victims of child sexual abuse, the evidence did not reveal whether Yeager was skilled in diagnosing whether a particular child had been a victim of sexual abuse. Consequently, this Court determined that the state failed to demonstrate that Yeager had acquired, through some type of training, education or experience, the expertise necessary to diagnose whether a child had been sexually abused and that the district court abused its discretion by admitting Yeager's testimony.

The present case is distinguishable from *Eytchison.* Here, Yeager did not testify that it was her expert opinion that the victim had been sexually abused. Rather, Yeager's testimony concerned the general progression of child sexual abuse through various phases, as well as the behavior and characteristics of victim and offender during the progression through those phases. In her testimony, Yeager did not link the general progression of child sexual abuse to the particular circumstances of the offenses with which Dutt was charged, and she offered no opinion specifically addressing the experiences or credibility of the victim in this case. On cross-examination, Yeager testified that she had not treated or counseled the victim and she admitted that she had no connection to the particular facts of the case.

■■■ The foundational evidence offered by the state at trial in this case demonstrated that Yeager was qualified to testify concerning the general behavior and emotional char-

**2.** Yeager testified as an expert witness on behalf of the state in *Eytchison.*

acteristics of victims and offenders in child sexual abuse cases, including the subject of delayed disclosure. Yeager testified that she had a master's degree in counseling and that she had been counseling children aged eighteen and younger for approximately nineteen years. Yeager further testified that she had specialized in the field of child sexual abuse for approximately six years and had counseled more than one thousand children who were victims of such abuse. Yeager also testified that she had received specialized, post-graduate training with regard to treating and recognizing the behavioral and emotional characteristics associated with child sexual abuse victims, including the phenomenon of delayed disclosure.

The foundational evidence shows that Yeager personally worked with over one thousand children that were sexually abused. Yeager had personal knowledge regarding whether those children waited to disclose the abuse. In addition, Yeager received specialized training concerning the general behavioral and emotional characteristics of victims and offenders in cases of child sexual abuse, which included the issue of delayed disclosure. Based upon Yeager's experience, personal knowledge, and specialized training, Yeager was qualified to offer her expert opinion concerning those general behaviors and characteristics. The progression and various phases of child sexual abuse, including delayed disclosure, are subjects that are beyond the common sense, experience, and education of the average juror. *See State v. Matthews,* 124 Idaho 806, 811, 864 P.2d 644, 649 (Ct.App.1993). The issue of whether the victim's conduct in disclosing the details of her sexual abuse in the present case was consistent with the behavior of other sexually abused children was a matter beyond the common experience of the jury and was, therefore, a proper subject of testimony by a qualified expert. *See id.* at 811–12, 864 P.2d at 649–50. Yeager's generalized testimony gave the jurors specialized knowledge that could assist them in evaluating the victim's credibility. This subject matter of expert testimony was previously determined by this Court to be permissible in *State v. Blackstead,* 126 Idaho 14, 22, 878 P.2d 188, 196 (Ct.App.1994). Because Yeager did not testi-

fy concerning matters outside her demonstrated expertise, this Court concludes that the district court did not abuse its discretion in admitting Yeager's trial testimony regarding the general behavioral and emotional characteristics of victim and offender in child sexual abuse cases.

## C. Sentence Review

■■■■■ Finally, Dutt argues that the district court imposed excessive sentences in view of his lack of a prior felony record and the strong support he has from family and friends. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez,* 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct.App.1991); *State v. Lopez,* 106 Idaho 447, 449–51, 680 P.2d 869, 871–73 (Ct.App.1984); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Applying these standards, and having reviewed the record in this case, we cannot say that the sentences imposed by the district court are excessive. Therefore, we conclude that no abuse of discretion has been shown.

## III.

## CONCLUSION

This Court concludes that Dutt has failed to demonstrate that the limitation imposed by the district court upon the testimony of Dutt's witness at trial impacted his constitutional right to present a complete defense and, therefore, no error has been shown. Additionally, we conclude that the district court did not abuse its discretion by admitting Yeager's trial testimony regarding the general behavioral and emotional characteristics of victim and offender in child sexual abuse cases, including the issue of delayed disclosure. Finally, having reviewed the record in this case, we cannot say that the district court imposed excessive sentences. Accordingly, Dutt's judgment of conviction and sentences for three counts of lewd conduct with a minor are affirmed.

Chief Judge LANSING and Judge GUTIERREZ, concur.