IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36156

| DAVID SHAWN DUTT, | ) | 2010 Unpublished Opinion No. 442 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 29, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed.

Nevin, Benjamin, McKay & Bartlett LLP, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

WALTERS, Judge Pro Tem

David Shawn Dutt appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

In the underlying criminal case, Dutt was convicted of three counts of lewd conduct with a minor, Idaho Code § 18-1508, for sexually abusing his stepdaughter, S.T., over a three-year period. This Court affirmed Dutt's conviction and sentence on direct appeal. *State v. Dutt*, 139 Idaho 99, 73 P.3d 112 (Ct. App. 2003). After his conviction was affirmed on appeal, Dutt filed a petition for post-conviction relief and a request for appointment of counsel. The district court denied Dutt's request and dismissed his petition. This Court reversed on appeal and remanded to the district court for the appointment of counsel. *Dutt v. State*, Docket No. 32021 (April 10, 2007) (unpublished). On remand, the district court appointed counsel for Dutt. Thereafter, Dutt

1

filed an amended petition with a supporting affidavit from John Canada alleging ineffective assistance of counsel and prosecutorial misconduct. The district court filed a memorandum decision and notice of intent to dismiss in which it gave notice that it intended to dismiss all of the claims in the petition and gave Dutt twenty days to respond. Dutt's counsel did not respond to the district court's notice, and it consequently dismissed the petition. Dutt now appeals the district court's summary dismissal of his petition. He argues that there are factual issues requiring an evidentiary hearing on his claims that the prosecutor failed to disclose exculpatory evidence in the form of statements made by Canada and that his trial counsel was ineffective for failing to call Canada as a witness.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). As with a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under Rule 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an

evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988); *Ramirez v. State*, 113 Idaho 87, 88-89, 741 P.2d 374, 375-76 (Ct. App. 1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). In addition, allegations contained in the application are insufficient for the granting of relief when (1) they are clearly disproved by the record of the original proceedings, or (2) do not justify relief as a matter of law. *Hauschulz v. State*, 144 Idaho 834, 838, 172 P.3d 1109, 1113 (2007); *Cooper v. State*, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975).

Summary dismissal is permissible only if the applicant's evidence has failed to raise a genuine issue of material fact which, if resolved in the applicant's favor, would entitle him to relief. I.C. § 19-4906(b)-(c); *Gonzales*, 120 Idaho at 761, 819 P.2d at 1161. If such a factual issue is raised, an evidentiary hearing must be held. *Id.* at 763, 819 P.2d at 1163; *Ramirez*, 113 Idaho at 88, 741 P.2d at 375. However, because the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary disposition is permissible, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible to resolve the conflict between those inferences. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008). That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id.*; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

## III.

## DISCUSSION

### A. *Brady* Violation

Dutt challenges the summary dismissal of his post-conviction petition by asserting that the prosecutor withheld known and timely exculpatory and impeachment evidence from him at

trial. In his petition, Dutt asserts that the prosecutor failed to disclose exculpatory and impeaching statements made by Canada resulting in a *Brady*[1] violation.

On the first day of trial, November 7, 2001, S.T. testified that Dutt had her perform oral sex on him in a car, the same day they had gone on a trip to find the Kuna caves. She stated that she gagged and threw up, mostly outside of the vehicle as they were driving. She also testified that "Bob"[2] and Bob's girlfriend's son had gone on this trip with them but in another car. During trial on November 9, Dutt testified that "Bob" and his "stepson" followed them home in a separate vehicle. Dutt's counsel did not call Canada as a defense witness during trial.

According to Canada's affidavit, on November 7, an investigator with the prosecutor's office contacted him by telephone and asked him general character questions about Dutt. Canada asserted that on November 8, the investigator showed up at his house with a subpoena to appear in court the next day. He further asserted that Dutt's counsel contacted him that same day and asked what questions the prosecution investigator had asked him. Canada stated that when he reported to the courthouse on November 9, the prosecution investigator asked him about a trip to Kuna that he took with Dutt, his stepson, and S.T. Canada asserted that he told the investigator that nothing out of the ordinary had happened on the Kuna trip because he would have known about it. Afterward, Canada reiterated to the prosecutor that nothing out of the ordinary had happened during the Kuna trip and that he did not see S.T. vomit out of the window of Dutt's vehicle and he was unaware of oral sex being performed in the car. Canada stated that he knew this because he was following the car that Dutt was driving, he had a totally clear view into the vehicle, and they were not out of sight for any length of time. Canada stated that after he told the prosecutor these things, she seemed irritated and told him that she did not need his testimony.

Due process requires that material exculpatory evidence known to the state or in its possession be disclosed to the defendant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Dunlap v. State*, 141 Idaho 50, 64, 106 P.3d 376, 390 (2004). This is to promote truth and ensure that only the guilty are convicted. *State v. Gardner*, 126 Idaho 428, 433, 885 P.2d 1144, 1149 (Ct. App. 1994). Thus, "the Constitution is not violated every time the government fails or chooses not to

---

[1] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

[2] "Bob" is the nickname by which John Canada is known.

4

disclose evidence that might prove helpful to the defense." *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995); *Dunlap*, 141 Idaho at 64, 106 P.3d at 390. Where there has been a conviction after a trial, a *Brady* violation is found if (1) the undisclosed evidence was favorable to the accused, either because it is exculpatory or because it is impeaching, (2) the evidence was suppressed by the state, either willfully or inadvertently, and (3) prejudice ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Dunlap*, 141 Idaho at 64, 106 P.3d at 390.

While it is true that Canada's statements appear to have impeachment value to impeach S.T., Dutt did not present any evidence that indicates that the state failed to disclose them. First, the amended petition in which Dutt alleges prosecutorial misconduct is not verified. It is only signed by counsel, and thus does not present any evidence. The petition simply alleges that there was no disclosure without any citation to the record. Second, Canada's affidavit does not contain anything about disclosure or lack thereof. Lastly, there is nothing in the record that shows that Dutt's counsel was not aware of the impeaching information known to Canada. To the contrary, S.T. testified during trial on November 7 about throwing up out the window of the car on the Kuna trip and about "Bob," and according to Canada's affidavit, Dutt's attorney contacted him on November 8 to ask what questions the prosecutor had posed to him. According to Dutt's own trial testimony, he knew that Canada drove behind Dutt's vehicle throughout the Kuna trip. This implies that Dutt's counsel could have been aware of the information possessed by Canada. Thus, Dutt presented no evidence to prove an element of his claim--that the information possessed by Canada was undisclosed by the prosecutor and unknown to defense counsel. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claim upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Accordingly, the district court did not err in dismissing the *Brady* violation claim.

## B.     Ineffective Assistance of Counsel

Dutt next argues that he raised genuine issues of material fact entitling him to an evidentiary hearing with respect to his claim that counsel was ineffective for failing to call Canada as a defense witness.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an

5

ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. Tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

The district court dismissed Dutt's ineffective assistance claim on the determination that "the fact that defense counsel did not call John R. Canada to the witness stand falls within the category of trial strategy. The decision to call or not call witnesses is within the purview of counsel as a strategic decision." Dutt asserts that there is a factual issue as to whether counsel's failure to present Canada's testimony was a tactical decision or instead is attributable to inadequate investigation or other deficiency on the part of counsel. The state counters that Dutt has not shown that counsel's failure to present Canada's testimony was a result of inadequate investigation or inexcusable ignorance of the information that Canada could provide. That is, the state asserts that Dutt's evidence does not exclude the possibility that his defense attorney was aware of the information held by Canada. We agree. In order to avoid summary dismissal it was Dutt's burden to affirmatively put in evidence that his attorney's decision not to call Canada as a witness was not a legitimate strategy. *See Yakovac*, 145 Idaho at 447, 180 P.3d at 486 (holding that the defendant failed to demonstrate the existence of a genuine issue of material fact as to whether counsel's conduct fell below an objectively reasonable standard because the defendant did not offer any explanation as to how the failure to impeach a witness may have affected the outcome of the trial or put in any evidence to show that counsel's decision resulted from a lack of preparation). It is insufficient for Dutt to merely show that his counsel failed to use material impeachment evidence that was readily available. Only Dutt's counsel knows the reason for not using Canada as a defense witness. In circumstances such as this, an affidavit is necessary in order to determine exactly what counsel was thinking when certain decisions were made.

6

Bringing forth an affidavit from Dutt's counsel or some other form of evidence to prove that the decision was not strategic was a responsibility that belonged to Dutt.

Canada's affidavit does not establish that Dutt's trial counsel had inadequate knowledge to make a strategic choice about whether or not to call Canada as a witness. Therefore, the district court did not err when it determined that it was a tactical decision as to whether or not to call Canada as a witness. Dutt has failed to show that there was a genuine issue of material fact as to deficient performance by his trial counsel. Accordingly, the district court did not err when it summarily dismissed Dutt's claim of ineffective assistance of counsel.

## IV.

## CONCLUSION

Dutt has failed to show that his claims of a *Brady* violation and ineffective assistance of counsel raised genuine issues of material fact. Therefore, the district court did not err when it summarily dismissed Dutt's petition for post-conviction relief in its entirety. Accordingly, we affirm.

Chief Judge LANSING and Judge GRATTON, CONCUR.