**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38068**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2012 Opinion No. 58** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: November 9, 2012** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| JAVIER AGUILAR, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgment of conviction and aggregate sentence of life imprisonment, with a minimum period of confinement of twenty-one years, for three counts of lewd conduct, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Javier Aguilar appeals from his judgment of conviction and sentences for three counts of lewd conduct with a minor under the age of sixteen. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 2010, a jury found Aguilar guilty of three counts of lewd conduct with a minor under the age of sixteen. I.C. § 18-1508. The district court imposed a unified term of life imprisonment, with a minimum period of confinement of seven years, for each count. The district court also ordered that the sentences be served consecutively. Thus, the district court sentenced Aguilar to an aggregate term of life imprisonment, with a minimum period of confinement of twenty-one years. Aguilar appeals.

1

## ANALYSIS

**A.      Relevant Evidence**

Aguilar argues that the district court erred by allowing the jury to hear testimony from a counselor concerning the long-term impact that sexual abuse can have on victims.  Specifically, Aguilar contends that the testimony was irrelevant and, therefore, inadmissible pursuant to I.R.E. 401 and I.R.E. 402.  Pursuant to I.R.E. 401, relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  Irrelevant evidence is not admissible. I.R.E. 402.  We review questions of relevance de novo.  *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993).

The state called the counselor as its first witness at trial.  The following colloquy took place:

> [PROSECUTOR]      Can you talk a little bit about the long-term impact of the abuse?
>
> [DEFENSE COUNSEL]       Objection; relevance.
>
> [COURT]      Response?
>
> [PROSECUTOR]      Your Honor, these boys are going to be talking about what happened to them years ago, they are dealing with it now.
>
> [COURT]      Overruled.
>
> [COUNSELOR]      They are very vast, and it depends an awful lot on variables of when they were molested, how long they were molested, how soon they got into treatment, a lot of those kinds of issues.
>
> But the larger ones are certainly chemical dependency is a huge one, to deal with the pain that goes on in the flashbacks.  Lots of kids are very prone to using chemicals, because they try them and they take away some of the thoughts for a while.
>
> Sometimes in body image, people will have eating disorders, because they've been so invaded in their body that that's part of the reason for that.
>
> Sometimes people have major issues with anger, and some anger management issues they don't get that worked through.
>
> It obviously has a huge impact on self-esteem if they don't work those issues through.
>
> You know, just lots of anxiety, depression, you know, being able to think of themselves well and as competent people.
>
> Sometimes they become very promiscuous.  Sometimes they shut down sexually, so it is sort of like they don't have any sexuality at all.
>
> Generally have major, major issues with trusting people, and that takes a long time to work through.

Aguilar asserts that this testimony by the counselor was irrelevant because it did not have any tendency to make the existence of any fact that was of consequence to the determination of the action more or less probable than it would have been without the testimony. Specifically, Aguilar argues that the jury did not need to consider how a victim of sexual abuse will be impacted in the long term in order to determine whether Aguilar committed lewd conduct as charged in this case.

The state argues that the counselor's testimony was pertinent to the victims' credibility and, therefore, such testimony was proper pursuant to *State v. Dutt*, 139 Idaho 99, 73 P.3d 112 (Ct. App. 2003). In that case, prior to trial, Dutt moved for an order requiring the state to submit an offer of proof concerning the testimony of a witness the state intended to call as an expert on the subject of delayed disclosure by child victims of sexual abuse. Alternatively, Dutt sought to exclude the counselor's testimony. The district court denied Dutt's motions. Over Dutt's objection, the counselor testified at trial in general terms concerning the progression of sexual abuse through various phases. The counselor also testified in general terms about the behavior and characteristics of victims and offenders as the sexual abuse progresses through each phase, including the victim's tendency to delay disclosing the abuse and the possible reasons for the delay. *Id*. at 103-04, 73 P.3d at 116-17.

On appeal, Dutt argued that the district court erred by admitting the counselor's testimony. Specifically, Dutt asserted that the counselor was not qualified to testify concerning the general behavior and characteristics of victims and offenders in sexual abuse cases, which included the phenomenon of delayed disclosure. *Id*. at 104-05, 73 P.3d at 117-18. This Court concluded that, based upon the counselor's experience, personal knowledge and specialized training, the counselor was qualified to offer her expert opinion concerning those general behaviors and characteristics. *Id*. at 105, 73 P.3d at 118. We determined that the progression and various phases of child sexual abuse, including delayed disclosure, were subjects that were beyond the commonsense, experience, and education of the average juror. We also determined that the issue of whether the victim's conduct in disclosing the details of her sexual abuse in the case was consistent with the behavior of other sexually abused children was a matter beyond the common experience of the jury and was, therefore, a proper subject of testimony by a qualified expert. We concluded that the counselor's testimony gave the jurors specialized knowledge that

3

could assist them in evaluating the victim's credibility and held that the district court did not abuse its discretion by admitting that testimony. *Id.*

The situation here is distinguishable from *Dutt*. The central issue in *Dutt* was whether the counselor was qualified to testify concerning the general behavior and characteristics of victims and offenders in sexual abuse cases, including the phenomenon of delayed disclosure. Here, there was no question about whether the counselor was qualified to testify. Further, *Dutt* does not stand for the broad proposition advanced by the state in this case--that generalized expert testimony about behavioral and emotional characteristics of victims and offenders in child sexual abuse cases and long-term impacts that victims of sexual abuse may suffer is always relevant because it assists the jury in evaluating the victim's credibility. As described above, the counselor in *Dutt* was specifically called as an expert on the subject of delayed disclosure by child victims of sexual abuse and the victim's conduct in disclosing the details of her sexual abuse was at issue in that case. This subject matter of expert testimony was previously determined to provide jurors with specialized knowledge that could help them evaluate the credibility of a victim. *See State v. Blackstead*, 126 Idaho 14, 22, 878 P.2d 188, 196 (Ct. App. 1994). Thus, in *Dutt*, the counselor's testimony as it related to the issue of whether the victim's conduct in disclosing the details of her sexual abuse was consistent with the behavior of other sexually abused children was relevant because such testimony assisted the jurors in evaluating the victim's credibility. Here, however, the counselor testified in general terms about the long-term impact that victims of sexual abuse may suffer--chemical dependency and issues related to body image, anger management, self-esteem, anxiety, depression, promiscuity, and trust. While this testimony may be considered relevant to the credibility of an alleged victim in a case where evidence shows that the victim actually suffers from such long-term impact, aside from the testimony of one alleged victim that he was taking medication to treat depression caused, in part, by what Aguilar had done to him, there was no testimony presented indicating that the alleged victims suffered from the long-term impact identified by the counselor. Therefore, we conclude that the counselor's testimony regarding the long-term impact that victims of sexual abuse may suffer was irrelevant because it did not give the jurors specialized knowledge that could have assisted them in evaluating the credibility of the alleged victims. Accordingly, the district court erred by admitting that testimony.

The state asserts that, even if the district court erred by admitting the counselor's testimony, under the harmless error doctrine, error in the admission or exclusion of evidence will not result in a reversal if the error was harmless beyond a reasonable doubt. *State v. Field*, 144 Idaho 559, 572, 165 P.3d 273, 286 (2007). Thus, erroneous admission of evidence will not be grounds for reversal on appeal if, absent that evidence, the result of the proceeding would have been the same. *State v. Hall*, 111 Idaho 827, 832, 727 P.2d 1255, 1260 (Ct. App. 1986).

Here, the evidence adduced at trial was overwhelming that Aguilar committed lewd conduct with three minors under the age of sixteen. All three victims, who were not acquainted with each other, gave very similar accounts of the manner in which they were molested by Aguilar. The counselor's testimony regarding the long-term impacts of sexual abuse was minimal in comparison to the remainder of her testimony, to which Aguilar did not object, and the testimony of the victims. Given the weight of the evidence against Aguilar in this case, we are convinced beyond a reasonable doubt that there is no reasonable possibility that the admitted evidence contributed to the verdict rendered by the jury. Therefore, even assuming the district court erred by admitting the challenged testimony of the counselor, such error was harmless.

## B. Sentence Review

Aguilar also argues that the district court abused its discretion by imposing an excessive aggregate sentence because the convictions in the present case are Aguilar's only felony convictions and he enjoys the support of his family and friends. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653

P.2d 1183, 1884 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.*

The record in this case reveals that Aguilar has two prior misdemeanor convictions and received a withheld judgment for an aggravated assault charge. In this case, Aguilar engaged in sexual conduct with three boys under the age of sixteen. Information before the district court at sentencing revealed that Aguilar had also molested several other young boys. In imposing Aguilar's sentence, the district court considered the presentence investigation report, the social sexual assessment, the psychosexual evaluation, and the sentencing memoranda submitted by the parties. The district court determined that, based upon Aguilar's history and psychosexual evaluation, which rated him to be a high-risk to reoffend, there was an undue risk that Aguilar would commit another crime during a period of suspended sentence or probation. The district court also determined that Aguilar was in need of correctional treatment that could be most effectively provided by commitment to an institution and that Aguilar posed too substantial of a risk to other members of the community for community supervision to be appropriate. The district court explained that a lesser sentence would depreciate Aguilar's crimes and considered the serious nature of lewd conduct with a minor under the age of sixteen and the devastating effect that the crimes had on the victims and their families. The district court determined that imprisonment would provide an appropriate punishment and deterrence to others in the community. Having thoroughly reviewed the record in this case, we cannot say that the district court abused its discretion by sentencing Aguilar to an aggregate term of life imprisonment, with a minimum period of confinement of twenty-one years.

## III.

## CONCLUSION

The district court erred by admitting the challenged testimony of the counselor at trial related to the long-term impact that sexual abuse can have on victims. However, such error was harmless. The district court did not abuse its sentencing discretion. Therefore, Aguilar's judgment of conviction and sentences are affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**