IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 41120

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 707 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 2, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSE IBARRA, aka JOE IBARRA, LITTLE | ) | THIS IS AN UNPUBLISHED |
| JOE IBARRA, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment of conviction for felony domestic battery, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jose Ibarra, aka Joe Ibarra, Little Joe Ibarra, appeals from his judgment of conviction for felony domestic battery. Specifically, he argues that the district court abused its discretion by allowing the state to present expert testimony on the subject of domestic violence. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

The victim, who was Ibarra's estranged wife at the time, had planned to take their children trick-or-treating with Ibarra on Halloween. When the victim failed to meet Ibarra at the appointed time, he called her and demanded to know where she was. He instructed her to meet him in a store parking lot, which she agreed to do. Upon arrival, Ibarra entered the victim's vehicle and began arguing with her in front of their two children and the victim's other child from a previous relationship. At one point, Ibarra threatened to kill the other child's father.

1

Ibarra and the victim exited the vehicle and continued arguing, with Ibarra accusing the victim of cheating. He demanded to check to see if such was true, which he did by sticking his hand down the victim's pants and touching her genitals which the victim testified was done with her consent. Ibarra then demanded the victim's cell phone, made a call, and pocketed the phone. Ibarra refused to return the victim's phone, despite her pleas to do so, and got in his vehicle to drive away. The victim reached her arm in the partially open window of Ibarra's vehicle to open the door so that she could retrieve her phone. Ibarra rolled up the window, with the victim's arm still in it, and began to drive away with the victim running alongside the vehicle. The victim was eventually able to free her arm, but suffered severe bruising as a result.

The next day, the victim reported the incident to police and filled out an application for a civil protection order. In that application, the victim made no mention of scratching or hitting at Ibarra when she reached her arm in the window of Ibarra's vehicle, just that she was trying to open the door.

Ibarra was charged with felony domestic violence resulting in traumatic injury, I.C. §§ 18-903(a) and 18-918(2), and misdemeanor domestic violence, I.C. §§ 18-903(b) and 18-918(3)(b). Prior to trial, the state gave notice of its intent to introduce expert testimony regarding the dynamics, characteristics, and effects of domestic violence and why victims recant. Ibarra objected, arguing that such testimony was not relevant, would not assist the jury, would invade the province of the jury's credibility assessments, and would unfairly prejudice Ibarra by casting the situation as one of domestic violence with Ibarra as the perpetrator. The district court allowed the expert to testify, ruling that the testimony would be helpful to the jury in understanding domestic violence in general, which is outside the common understanding of the average juror. At trial, the victim changed her testimony from what she reported in the protection order application and testified to at the preliminary hearing, disclosing for the first time that she had hit and scratched at Ibarra's face when trying to retrieve her cell phone. She further testified that she believed Ibarra was trying to get away from her attacks when he drove away, did not think Ibarra had battered her, and was not afraid of him. In response, the state presented the expert testimony along with recorded phone conversations in which Ibarra encouraged the victim not to testify against him.

2

The jury found Ibarra guilty of felony domestic battery, but acquitted him of misdemeanor domestic battery.  The district court sentenced Ibarra to a unified term of ten years, with a minimum period of confinement of two and one-half years.[1]  Ibarra appeals.

## II.

## STANDARD OF REVIEW

A trial court's decision to admit or exclude evidence, including the testimony of expert witnesses, is reviewed under the abuse of discretion standard.  *State v. Almaraz*, 154 Idaho 584, 590, 301 P.3d 242, 248 (2013); *State v. Merwin*, 131 Idaho 642, 645-46, 962 P.2d 1026, 1029-30 (1998); *State v. Dutt*, 139 Idaho 99, 104, 73 P.3d 112, 117 (Ct. App. 2003).  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine:  (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

Ibarra argues that the district court erred in allowing expert testimony regarding domestic violence because it would not assist the jury in understanding the evidence or determining a fact at issue.  Ibarra further argues that, even if the expert testimony was relevant, its probative value was substantially outweighed by its prejudicial effect of casting the Ibarras' relationship as one of domestic violence and Ibarra as the abuser in that relationship.  The state responds that the expert testimony was admissible and, even if it was not, any error was harmless.

### A.    I.R.E. 702 Admissibility of Expert Testimony

Ibarra contends that the district court abused its discretion in admitting the expert's testimony because it was irrelevant.  Specifically, he argues that the testimony would not assist the jury in understanding the evidence or determining a fact in issue in this case, as there was no

---

[1]    Ibarra filed an I.C.R. 35 motion for reduction of the sentence, which the district court denied.  Ibarra did not appeal that decision.

evidence that the Ibarras were in an ongoing violent relationship and the jury was capable of determining Ibarra's guilt or innocence without the testimony.[2]

The admissibility of expert testimony is governed by Idaho Rule of Evidence 702, which provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Expert testimony is generally admissible if evidence is beyond the common experience of most jurors and the jurors would be assisted by such testimony. *State v. Hester*, 114 Idaho 688, 694, 760 P.2d 27, 33 (1988).

In this case, the district court recognized the decision as discretionary and determined that expert testimony on the general dynamics, effects, and characteristics of domestic violence (including why victims recant) was helpful to the jury and addressed a topic that was not within the common knowledge of the average juror. We agree. Expert testimony, general to the characteristics of domestic violence and the reaction of victims to such violence, is admissible. *See State v. Varie*, 135 Idaho 848, 855, 26 P.3d 31, 38 (2001). This is because that type of testimony gives jurors information outside their common experience that may assist them in evaluating a victim's credibility. *See Dutt*, 139 Idaho at 105, 73 P.3d at 118. In *Dutt*, we addressed this issue in another context and stated the following:

> The progression and various phases of child sexual abuse, including delayed disclosure, are subjects that are beyond the common sense, experience, and education of the average juror. *See State v. Matthews*, 124 Idaho 806, 811, 864 P.2d 644, 649 (Ct. App. 1993). The issue of whether the victim's conduct in disclosing the details of her sexual abuse in the present case was consistent with

---

[2]     Ibarra also asserts error in allowing the expert to testify generally about domestic violence and victim recanting when the expert was not familiar with the specific facts of this case. However, expert testimony need not regard the specific circumstances of the case in which the testimony is given; indeed, general expert testimony on a relevant topic outside the average juror's understanding is a permissible common practice. *See, e.g.*, *Almaraz*, 154 Idaho at 600, 301 P.3d at 258 (stating that expert testimony relating in general to the proper interview and lineup guidelines did not invade the province of the jury); *State v. Hester*, 114 Idaho 688, 694, 760 P.2d 27, 33 (1988) (noting that it is generally permissible for experts to testify regarding traits typically exhibited by child abusers, as such was beyond the common experience of most jurors); *Dutt*, 139 Idaho at 105, 73 P.3d at 118 (concluding that an expert witness could offer opinion concerning the general progression of child sexual abuse and the general behaviors and characteristics associated with the victim and offender during that progression without reference to the specific facts of the case). Accordingly, this argument lacks merit.

4

the behavior of other sexually abused children was a matter beyond the common experience of the jury and was, therefore, a proper subject of testimony by a qualified expert. *See id.* at 811-12, 864 P.2d at 649-50. [The expert]'s generalized testimony gave the jurors specialized knowledge that could assist them in evaluating the victim's credibility. This subject matter of expert testimony was previously determined by this Court to be permissible in *State v. Blackstead*, 126 Idaho 14, 22, 878 P.2d 188, 196 (Ct. App. 1994).

*Dutt*, 139 Idaho at 105, 73 P.3d at 118.

In this case, once the victim changed her version of events at trial in a manner that benefited Ibarra, the reason domestic violence victims might recant and whether the victim's conduct was consistent with the behavior of other victims of domestic violence became an issue. The expert limited her testimony to general information and did not testify as to the credibility of the victim, Ibarra's guilt or innocence, or any other matter that invaded the province of the jury. Instead, the expert's testimony was the type of evidence which would aid the jury in understanding an area unfamiliar to most and would assist the jury in evaluating the victim's credibility. Accordingly, the district court did not abuse its discretion in admitting the expert testimony.

## B.    I.R.E. 403 Balancing Test

Ibarra further argues that, even if the expert's testimony was relevant, its probative value was substantially outweighed by the danger of unfair prejudice. Specifically, he argues that the expert testimony allowed the jury to presume that the Ibarras were involved in an ongoing violent relationship and that Ibarra posed an ongoing threat to the victim.

Idaho Rule of Evidence 403 provides that, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. A lower court's determination under Rule 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). Rule 403 does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to the party's case, as virtually all of the state's evidence in a criminal trial is presented to prove the defendant's guilt and, thus, is "prejudicial" to a defendant. *State v. Salazar*, 153 Idaho 24, 27, 278 P.3d 426, 429 (Ct. App. 2012). Instead, the rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis.

5

*Id.*; *State v. Pokorney*, 149 Idaho 459, 465, 235 P.3d 409, 415 (Ct. App. 2010); *State v. Floyd*, 125 Idaho 651, 654, 873 P.2d 905, 908 (Ct. App. 1994).

Here, the danger of unfair prejudice through the jury making the assumptions Ibarra alleged did not substantially outweigh the probative value of the expert testimony. The state pointed out during direct examination of the expert that the expert was not familiar with the case, the Ibarras, or their relationship history. Ibarra also cross-examined the expert and clarified that the expert had never met the Ibarras, had no specific knowledge of their situation, and had no idea whether the general domestic violence information to which she testified applied to the Ibarras at all. Moreover, both Ibarra and the state reiterated in their closing arguments that the expert was not familiar with the case and was speaking in general terms. Thus, there was little, if any, risk that the jury would presume the expert testimony referred to the Ibarras' actual relationship. Any speculation that the jury may have nonetheless assumed, despite these clarifications, that all of the expert testimony applied to the Ibarras' relationship in the way Ibarra alleged was just that--speculation. Such is insufficient to show that the district court abused its discretion in striking the Rule 403 balance in favor of admission of the expert testimony. Accordingly, Ibarra has failed to show that the district court erred.

## C.      Harmless Error

Even assuming that the district court erred in admitting the expert testimony, any error was harmless in light of the other evidence presented. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that an objected-to error has occurred, the state has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 979-80 (2010).

Here, the disputed expert testimony provided a possible explanation for why the victim's story had changed from Ibarra's preliminary hearing to trial. However, even without the expert testimony, the state presented substantial evidence that was, alone, sufficient to establish Ibarra's

guilt for domestic battery resulting in traumatic injury.[3]  Although the victim provided a somewhat revised version of events in her trial testimony, that testimony still conveyed that, while the victim was trying to retrieve her cell phone, Ibarra rolled up the window to his car with the victim's arm still in it and drove away, resulting in traumatic injury.  This basic version of events was largely uncontested and was corroborated by the store surveillance footage.  Moreover, the victim's testimony also established that this occurred during a heated confrontation and was preceded by abusive, jealous, and controlling conduct by Ibarra.  This included a death threat made to the father of one of the victim's children, Ibarra's insistence on checking whether the victim had cheated by sticking his hand down her pants, Ibarra's refusal to return the victim's cell phone, and Ibarra's threat to kill the victim and her children because he had nothing to lose.  The victim further testified on cross-examination after being called as a defense witness that she had also stated in the protection order application that Ibarra had previously attempted to strangle her.  Additionally, the state presented evidence in the form of recorded calls that suggested that Ibarra tried to influence the victim's trial testimony to his benefit.  In light of this substantial other evidence, the admission of the expert testimony did not substantively contribute to the jury's verdict and any error in admitting the testimony was harmless beyond a reasonable doubt.

## IV.

## CONCLUSION

Ibarra has failed to show that the district court abused its discretion in admitting the expert testimony.  Moreover, even if admission of the expert testimony was error, it was harmless beyond a reasonable doubt.  Accordingly, we affirm Ibarra's judgment of conviction for felony domestic battery.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**

---

[3]    Without objection, the district court instructed the jury on the elements of domestic battery causing traumatic injury that the state was required to prove:

> In order for [Ibarra] to be guilty of domestic battery traumatic injury as charged in Count I, the state must prove each of the following:  On or about October 31st, 2012; two, in the State of Idaho; three, the defendant Jose Ibarra committed a battery upon [the victim] by dragging her with his vehicle; four, while they were household members; and five, in doing so [Ibarra] inflicted a traumatic injury upon [the victim].