**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46528**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed:  May 12, 2020** |
| Plaintiff-Respondent, | ) | |
| | ) | **Karel A. Lehrman, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| GARY LEON CHAFFIN, II, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County.  Hon. Richard T. St. Clair, District Judge.

Judgment of conviction for felony forgery, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Gary Leon Chaffin, II appeals from his judgment of conviction entered upon a jury verdict finding him guilty of forgery.  Chaffin argues the district court admitted irrelevant testimony at trial over Chaffin's objection.  Because any error in this case was harmless, we affirm the district court's judgment of conviction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. and Mrs. Raymond (the Raymonds) hired Chaffin to paint their home.  The estimated cost for the paint was $3,570, and the parties agreed to split the payment into two installments. The Raymonds paid the first installment of $1,785 and, shortly thereafter, received an email message from Chaffin regarding the remaining balance.  The message included an invoice for the transaction, a receipt for the purchase of paint, and a request that the Raymonds pay the

1

remaining balance.  The Raymonds paid Chaffin for the amount owed on the second installment, which totaled $1696.83.[1]

Chaffin did not complete the paint job.  The Raymonds contacted the paint store listed on the receipt, Stan's Paint Clinic, to inquire about the information on Chaffin's invoice.  The owner of Stan's Paint Clinic explained the receipt was not generated by the store.  The Raymonds contacted the sheriff's department, who investigated the circumstances.  Following the investigation, the State charged Chaffin with felony forgery, Idaho Code § 18-3601, and felony grand theft, I.C. §§ 18-2403(1), 18-2407(1)(b)(1).

The case proceeded to trial, and a jury found Chaffin guilty of felony forgery and acquitted him of grand theft.  The district court imposed a unified sentence of eight years, with three years determinate, suspended the sentence, and placed Chaffin on probation for a period of three years.  Chaffin timely appeals.

## II.

## ANALYSIS

Chaffin argues the district court erred because it admitted irrelevant evidence at trial.  In particular, Chaffin claims the testimony from Mr. Raymond regarding concerns for his family's safety and syringes found at the property were not relevant to the charges of forgery and grand theft.  The State responds the testimony was admissible, and even if it was not, any error was harmless.

Generally, evidence relevant to a material and disputed issue concerning the crime charged is admissible.  *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008).  Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221.  Whether a fact is of consequence or material is determined by its relationship to the legal theories the parties presented.  *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010).  We review questions of relevance de novo.  *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

---

[1]    In the message, Chaffin explained he secured a better price for the paint and, thus, the Raymonds owed $88.17 less than the original estimate.

The testimony at issue here was the re-direct examination of Mr. Raymond by the State. After direct examination and cross-examination of Mr. Raymond, the State asked Mr. Raymond the following question during re-direct examination: "Did--when you talked to [the Deputy], did you have any concerns for safety of yourself or your property?" Chaffin objected to the question on the grounds it was irrelevant and beyond the scope of the cross-examination. The district court overruled the objection and allowed the questioning to proceed. The State asked: "What was your concern?" Mr. Raymond answered:

> We felt like anytime, if someone wasn't there, there could be damage done to the property. We had seen syringes in buckets. We felt the safety for our kids because they were on the site at all time with us, playing around. We didn't want to have them harmed by needles and stuff that were found on the property, so we wanted to get them disposed of properly.

Even if Mr. Raymond's testimony was not relevant to the charges of forgery and grand theft, any error in admitting such testimony was harmless. Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). A defendant appealing from an objected-to, nonconstitutionally-based error[2] shall have the duty to establish that such an error occurred, at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). In other words, the error is harmless if the Court finds that the result would be the same without the error. *Id.*

Here, any error was harmless because the result of Chaffin's trial would have been the same even without Mr. Raymond's testimony regarding his concern for safety and the syringes found at his property. Because the jury acquitted Chaffin of grand theft, that charge is not at issue on appeal. As for the charge of forgery, the jury in this case was provided the following instruction (Instruction No. 16):

> In order for the defendant to be guilty of Forgery, the state must prove each of the following:
> 1. On or about August 10, 2017
> 2. in the state of Idaho

---

[2] Here, Chaffin objected that the State's questioning was irrelevant and beyond the scope of the cross-examination. Chaffin did not claim a constitutional right was violated.

3

3. the defendant Gary L. Chaffin II
4. with the intent to defraud [Mr.] Raymond
5. falsely made or forged or attempted to pass as true and genuine a false, altered, forged, or counterfeited writing, to-wit: a purchase receipt for goods from Stan's Paint Clinic in the amount of $3269.18, knowing that the said receipt was false or forged.

If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

A subsequent jury instruction (Instruction No. 17) explained:

An intent to defraud is an intent to deceive another person for the purpose of gaining some material advantage over that person or to induce that person to part with property or to alter that person's position to the injury or risk of the person, and to accomplish that purpose by some false statement, false representation of fact, wrongful concealment or suppression of truth, or by any other artifice or act designed to deceive.

Here, the State presented overwhelming evidence that Chaffin was guilty of forgery. Exhibits at trial included an email written by Chaffin to Mr. Raymond which references the receipt for the materials purchased, as well as an explanation that Chaffin "paid for the paint at Stan's to secure the price and the better paint." The State also admitted into evidence a copy of the forged receipt from Stan's Paint Clinic for the amount of $3,269.18.

The owner of Stan's Paint Clinic testified regarding the events in question. The owner explained he had access to the financial records of Stan's Paint Clinic, performed a search of those records, and determined Chaffin never did business at Stan's. The owner further testified he never met Chaffin and there was no record of a business transaction with Chaffin. In particular, the owner testified that there was no business transaction between Chaffin and Stan's Paint Clinic on August 10, 2017. After examining the alleged receipt Chaffin provided to the Raymonds, the owner of Stan's Paint Clinic testified the alleged receipt contained several inaccuracies: Stan's Paint Clinic does not have the slogan "Exceptional Paint at Great Prices," has never employed a man named "Greg," and does not produce thermal receipts that list the paint information in itemized form. The owner also testified Stan's Paint Clinic does not sell two of the items listed on the alleged receipt.

The jury therefore heard substantial evidence that Chaffin was guilty of forgery, even absent Mr. Raymond's testimony that he found syringes on his property and had safety concerns regarding Chaffin. Chaffin presented no evidence to contradict the testimony of the owner of Stan's Paint Clinic or to explain the discrepancies in the alleged receipt. Therefore, the jury

4

could reasonably conclude from the evidence presented at trial that Chaffin provided Mr. Raymond a forged or counterfeit receipt from Stan's Paint Clinic. To reach this conclusion, the jury did not need to rely on Mr. Raymond's testimony regarding safety and syringes. The result of the trial would have been the same had the district court not admitted Mr. Raymond's testimony. Therefore, any error in admitting Mr. Raymond's testimony was harmless.

## III.

## CONCLUSION

Because any error in this case was harmless, we affirm the district court's judgment of conviction.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.