**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46552**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 19, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAIME DEAN CHARBONEAU, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Jaime Dean Charboneau appeals from the judgment entered upon a jury verdict finding him guilty of burglary and aggravated assault with a deadly weapon. On appeal, Charboneau argues the district court erred by denying his motion for mistrial and by excluding two of his potential witnesses. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2015, Charboneau entered into a romantic relationship with the victim. In early 2016, the relationship ended and the victim claimed it was because Charboneau had become possessive and jealous. Shortly after the breakup, the victim returned home to find Charboneau had broken into her home and was crouched down near the doorway of her bathroom. Charboneau pointed a loaded crossbow at the victim and told her that she had caused the situation, which was "going to

be bad." The victim claimed she agreed with everything Charboneau said in an effort to keep him calm, eventually grabbing her dog and fleeing the residence to a neighbor's home where she called 911.

Following the incident, the State charged Charboneau with burglary and aggravated assault with a deadly weapon. At trial, the State called Charboneau's friend, Thomas Bergstrom. While testifying about a telephone call Bergstrom received from Charboneau, Bergstrom said Charboneau expressed "some concerns about being exposed to any criminal activity and the revocation of his bond, the possibility that it could be revoked if he was involved in criminal activity . . . ." Charboneau objected and the district court sustained the objection, instructing the jury to "disregard the last comment that the witness made and not consider or refer to it in your later deliberations." The jury was excused, the witness was admonished, and the district court determined there had not been sufficient prejudice so as to interrupt the trial. It determined because there was no explanation of what the bond related to and the jury had been admonished not to consider the statement, any prejudice was remedied. Charboneau moved for a mistrial which the district court denied.

Later, during trial, the district court excluded two of Charboneau's proposed witnesses. Charboneau intended to call the victim's ex-husband, Doug Evans, to attest to her character during their marriage. The district court determined this testimony was inadmissible character evidence. Charboneau also intended to call David Orem, who would purportedly testify, among other things, that Charboneau did not behave in a jealous manner toward the victim. The district court determined such testimony would not be relevant.

The jury returned a guilty verdict on both counts and Charboneau was sentenced to ten years determinate for burglary and fifteen years determinate for aggravated assault with a deadly weapon to run consecutively with an unrelated sentence. Charboneau timely appeals.

## II.

## ANALYSIS

### A.     Motion for Mistrial

Charboneau argues the district court erred by denying his motion for mistrial. Specifically, Charboneau asserts that a mistrial should have been granted because he was prejudiced when the jury heard testimony which revealed he was released on bond during the time in which the alleged offense occurred. Charboneau contends that the prejudice resulting

2

from that testimony could not be cured by a curative instruction. The State counters that because Charboneau fails to rebut the presumption that the jury followed the district court's curative instruction, he has failed to show error. We agree with the State.

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983). Where improper testimony arises and the trial court promptly instructs the jury to disregard the evidence, it must be presumed that the jury obeyed the trial court's direction entirely. *State v. Hedger*, 115 Idaho 598, 601, 768 P.2d 1331, 1334 (1989). Both parties acknowledge the statement regarding Charboneau's bond was improper pursuant to Idaho Rule of Evidence 404(b) and the district court's pretrial ruling. However, Charboneau argues that sustaining his objection and issuing a curative instruction was not enough, such that the district court should have granted his motion for mistrial:

> This type of inadmissible "prior acts" evidence--that Mr. Charboneau was out on bond, which he feared might get revoked--is inherently prejudicial because it informs the jury that not only had Mr. Charboneau likely committed a crime in the past for which he was out on bond, but that due to this act, he was a man of criminal character and was therefore more likely to have committed the present crime. While the jury did not hear the nature of the prior conviction, the jury was still left to wonder what type of crime for which Mr. Charboneau was out on bond.

(Internal citation omitted).

The district court found that because the testimony did not reference the crime related to the bond, the curative instruction was sufficient to minimize any potential prejudice. This is

3

supported by the record. The inadmissible statement did not reveal any details about the criminal allegation involved and did not identify if the charge involved violence or indicate a charge involving dishonesty. For these reasons, it is only speculation that the statement would render Charboneau a man of criminal character and more likely to have committed the present crime in the minds of the jury members. Any marginal prejudice was cured by the instruction and Charboneau has failed to allege otherwise, beyond the assumption that the jury may have disregarded the instructions. We will not so speculate, but presume the jury followed the instructions given by the district court. *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). Because Charboneau failed to demonstrate prejudice or rebut the presumption that the jury followed the curative instruction, the district court did not err by denying his motion for mistrial.

**B.      Excluded Witnesses**

Charboneau argues the district court erred by excluding two of his potential witnesses. The district court determined that the testimony of these witnesses, Doug Evans and Dave Orem, was inadmissible because it was irrelevant and improper character evidence.

**1.      Evans testimony**

The district court did not err in determining the proffered testimony of Doug Evans was improper character evidence. Charboneau proffered that Evans, the victim's ex-husband, planned to testify as to how the victim behaved during their marriage.[1] On appeal, Charboneau argues that the district court incorrectly employed I.R.E. 404(b) in excluding Evans' proposed testimony, contending that the correct rule, I.R.E. 404(a)(2)(B), allows testimony, in the form of an opinion, on a pertinent trait of the victim. The State counters that this argument is not preserved on appeal as it exceeds the scope of Charboneau's offer of proof. We agree with the State.

Charboneau argues the district court erred in excluding the testimony of Evans as inadmissible character evidence under I.R.E 404(b). Specifically, Charboneau asserts that Evans could have testified as to his opinion of a pertinent character trait of the victim under I.R.E. 404(a)(2)(B). The State's argument that Charboneau did not preserve this argument is

---

[1]      Charboneau initially asserted he wanted Evans to testify as to a specific event at Chandler's restaurant where the victim behaved jealously. He acknowledges on appeal that evidence of that specific instance of conduct is inadmissible.

well-taken.  At no time did Charboneau argue the applicability of Rule 404(a)(B)(2).  In addition, on appeal, he changes his position as to the intended use of the testimony, claiming now that a pertinent character trait of the victim would have been demonstrated through the opinion of Evans.  This is belied by the record:

| | |
|---|---|
| COURT: | So why were you going to call Mr. Evans? |
| CHARBONEAU: | To have him discuss his personal knowledge of [the victim] and-- |
| COURT: | To what end?  Is it just her character that you're seeking to explore? |
| CHARBONEAU: | Yes, as man and wife.  They lived together and how she behaved.  Because it-- |
| . . . . | |
| COURT: | If you will write down this number, 404(b), and take a look at that rule in the Rules of Evidence, you'll understand why I'm not going to allow you to question Mr. Evans on that point.  It's impermissible character evidence. |
| CHARBONEAU: | Okay.  Then this is--on that--I'll have to accept your ruling on that.  I mean, I understand. |
| . . . . | |
| COURT: | You can't introduce extrinsic evidence of specific instances of conduct to attack or support the character of a witness. |
| CHARBONEAU: | Isn't that almost the State's whole case? |
| COURT: | No, and it's not a useful response for you to continue to ask that question. |
| . . . . | |
| COURT: | So if that's the purpose of Doug Evans' testimony, the State's made a motion in limine. I'm not going to allow you to call that witness. |

The record demonstrates Charboneau's offer of proof was that Evans would testify as to the victim's character by providing specific acts throughout their marriage which would be used to show her conformity to that character, specifically jealousy.  Charboneau argues that Evans should have been allowed to testify as to his opinion of a pertinent character trait of the victim.  However, an offer of proof relating to specific acts is not an offer of proof of opinion evidence.  The admissibility of opinion testimony, which conforms to the exception in I.R.E 404(a), is not at issue, was never mentioned below, and is therefore not preserved.  Opinion evidence was never offered and its admissibility was never ruled on.  Issues not raised below will not be considered by this Court on appeal, and the parties will be held to the theories upon which the case was presented to the lower court.  *State v. Cohagan*, 162 Idaho 717, 721, 404 P.3d 659, 663

(2017). For these reasons, the district court did not err by excluding the testimony of Evans as inadmissible character evidence under Rule 404(b).

### 2. Orem testimony

The district court did not err in excluding the proffered testimony of Dave Orem. Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

At trial, Charboneau sought to call Dave Orem to testify as to what Orem witnessed during the victim's relationship with Charboneau, and that Charboneau did not behave in a jealous manner on a particular night and in general. The district court determined this testimony would not be relevant, stating:

> We have [the victim's] explanation of [why she ended the relationship]. If you have evidence that you believe discredits her reasons I'm happy to hear that. But what you've identified--I don't know how [that evidence] has anything to do with her expression of her reasons why she ended your relationship.

Charboneau attempted to explain, stating Orem would testify as to the victim's character on the night of the breakup. The district court, however, correctly explained to Charboneau that Orem would not be able to testify as to the victim's character.[2] The victim's character on the night of the breakup was not relevant. Moreover, Charboneau failed to demonstrate how the proffered testimony would be admissible as character evidence under the Rules of Evidence.

---

[2] CHARBONEAU: [h]e can also identify knowing [the victim] personally and she knowing him. He can testify about his personal knowledge of her character in the bar that night.

COURT: Again, I'm going to refer you to 404, Rule 404. He's not going to be allowed to testify to her character. And if you're trying to point to specific incidents of conduct, that's where Rule 608 comes in.

CHARBONEAU: So you got me--whatever way I try you got me.

On appeal, Charboneau argues that Orem could have provided relevant evidence that he had not seen Charboneau act jealously, including on the night of the breakup. The record supports the district court's determination that the proffered testimony was irrelevant because Orem's purported *perceptions* of whether or not Charboneau behaved jealously does not rebut the victim's *subjective* reasons for ending the relationship. The victim's motives for the breakup, as opposed to the fact of the breakup, were not relevant to whether Charboneau committed the charged burglary and aggravated assault. Moreover, contrary to Charboneau's claim on appeal, his jealousy was not advanced as a motive for the charged conduct and the proffered testimony was not so directed. The district court did not err in excluding Orem's testimony.

### 3. Harmless error

The State additionally asserts that any error was harmless. Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* A defendant appealing from an objected-to, nonconstitutionally-based error shall have the duty to establish that such an error occurred, at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). In other words, the error is harmless if the Court finds that the result would be the same without the error. *Id*.

Even if the district court erred by excluding Charboneau's proffered evidence, any error was harmless. The evidence was not probative to rebutting the State's case. The victim's "character" and Charboneau's purported lack of jealousy were not relevant to the charged conduct. Further, the State presented overwhelming evidence that Charboneau planned and executed the burglary and aggravated assault. Police found the crossbow and a number of items used on or with the crossbow, including the owner's manual, in Charboneau's possession. Moreover, the State proved Charboneau purchased the crossbow several days before the attack. Finally, the victim's neighbor corroborated the victim's story, testifying the victim showed up at her door appearing frightened and without any shoes on the day of the alleged crimes. Based on the overwhelming evidence presented, any error was harmless beyond a reasonable doubt.

## III.

## CONCLUSION

The district court did not err in denying Charboneau's motion for mistrial because Charboneau failed to demonstrate prejudice or any reason why the jury would have disregarded the curative instruction. Further, the district court did not err in determining the proffered testimony of two witnesses was inadmissible. The judgment of the district court is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.