**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50975**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 8, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROBERT DAVID JOHNSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Order withholding judgment for felony malicious injury to property, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Robert David Johnson appeals from an order withholding judgment for felony malicious injury to property. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officers responded to a report that a man was breaking windows at a commercial business. Upon arrival, officers encountered Johnson directly outside the business, standing near the shattered glass. Officers detained Johnson after he ignored commands and continued speaking incoherently. Johnson denied breaking the windows but displayed agitation and hostility toward officers during the encounter.

1

Johnson was charged with felony malicious injury to property. I.C. § 18-7001(2). Before trial, Johnson moved to exclude the officer's bodycam footage and related testimony showing Johnson's verbal combativeness toward officers during his arrest, arguing the evidence was irrelevant and unfairly prejudicial. The State contended the evidence was relevant to show Johnson's identity and malicious intent. The district court deferred ruling.

At trial, Johnson objected to testimony about his demeanor during his arrest. The district court overruled the objection, concluding the evidence was relevant to Johnson's defense theory that he lacked malicious intent toward the property because he only intended self-harm. He also argued the district court's reliance on the statutory definition of "maliciously" in I.C. § 18-101(4) rendered the admissibility rulings erroneous. After an officer testified that Johnson was belligerent and used a racial slur, Johnson moved for a mistrial. The district court denied the motion, concluding the evidence was relevant to Johnson's state of mind and intent and that the probative value of the evidence was not substantially outweighed by the danger of prejudice. The district court later admitted the bodycam video on the same grounds. Thereafter, the jury found Johnson guilty. Johnson appeals.[1]

## II.

### STANDARD OF REVIEW

The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

---

[1]    Johnson also pled guilty to three misdemeanors for resisting or obstructing, possession of a controlled substance and possession of drug paraphernalia, which offenses were included in the order withholding judgment. However, he does not challenge these convictions on appeal.

We review questions of relevance de novo. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

## III.

## ANALYSIS

Johnson argues the district court erred by admitting evidence of his combative demeanor toward the officers, asserting the evidence was irrelevant and its prejudicial effect required exclusion under I.R.E. 403. Johnson also argues the district court erred by denying his motion for a mistrial after an officer testified that Johnson used a racial slur during the arrest. Finally, Johnson contends the cumulative effect of these alleged errors deprived him of a fair trial. The State responds that the evidence was properly admitted as relevant to Johnson's identity and state of mind, that the isolated reference to the racial slur did not constitute reversible error, and that no errors occurred to cumulate. We hold that Johnson has failed to demonstrate error in the district court's admission of the evidence or in its denial of his motion for a mistrial.

A.     **Relevance of Johnson's Demeanor**

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Garcia*, 166 Idaho 661, 670-71, 462 P.3d 1125, 1134-35 (2020). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Garcia*, 166 Idaho at 670, 462 P.3d at 1134. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). Johnson challenged the admission of evidence depicting his combative demeanor toward officers, arguing the conduct was irrelevant to the malicious injury to property charge. The district court admitted the evidence as relevant both to identity and state of mind considering the defense presented.

The record supports admission on both grounds. Officers encountered Johnson within minutes of the report, directly outside the damaged storefront. The disputed portion of the bodycam video depicted Johnson's appearance, proximity, and conduct at the scene. Evidence that places a defendant at the scene and corroborates eyewitness testimony satisfies the low threshold of relevance. *See State v. Ogden*, 171 Idaho 258, 273, 519 P.3d 1198, 1213 (2022)

3

(holding that evidence of defendant's location and conduct at the scene is relevant to identity). Because Johnson's identity was disputed, the evidence bore on a fact of consequence.

In addition, Johnson argued he lacked the requisite malicious intent because he was distressed or attempting to harm himself. Johnson's behavior during the arrest constituted circumstantial evidence bearing on his intent. The district court admitted the evidence for that limited purpose, not for proving his propensity. Where a defendant places mental state directly at issue, contemporaneous conduct may carry probative value. *State v. Fox*, 170 Idaho 846, 862, 517 P.3d 107, 123 (2022). By advancing this defense, Johnson placed his mental state directly at issue.

Johnson's argument that the district court applied the wrong definition of "maliciously" does not alter this conclusion. Although *State v. Skunkcap*, 157 Idaho 221, 229-30, 355 P.3d 561, 569-70 (2014) held that malicious injury to property requires an intent to damage property without lawful excuse (not merely an intent to annoy or commit a wrongful act), the challenged evidence still bore on whether Johnson intentionally broke the windows rather than having damaged them inadvertently during an unrelated episode of distress. The district court correctly determined that the challenged evidence was relevant to Johnson's identity and intent and did not rely on improper propensity reasoning.

The district court also concluded the probative value of the demeanor evidence was not substantially outweighed by the danger of unfair prejudice. A trial court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). The district court identified and applied the correct I.R.E. 403 standard and articulated its reasoning. The district court noted that Johnson's statements were coarse, but brief; occurred in the immediate context of the arrest; and did not introduce unrelated misconduct or impermissible character evidence. The district court's assessment that the evidence carried probative weight on identity and state of mind and that any prejudice was limited reflects a reasoned exercise of discretion. Because the district court employed the correct legal framework and the record supports the balancing it conducted, Johnson has failed to show an abuse of discretion in admitting evidence of his demeanor.

**B.     Motion For Mistrial**

In criminal cases, motions for mistrial are governed by I.C.R. 29.1. A mistrial may be declared upon motion of the defendant when there occurs during the trial, either inside or outside the courtroom, an error or legal defect in the proceedings or conduct that is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised [her] discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

Johnson argues the district court erred by denying his motion for a mistrial after an officer testified that Johnson used a racial slur toward the officer during the arrest. The State responds that the isolated reference did not constitute reversible error. The district court denied the motion, concluding the isolated reference did not materially alter its I.R.E. 403 analysis or the fairness of the trial.

This Court has distinguished between a fleeting reference to improper content and repeated, emphasized, or exploitative use of such content. *See State v. Thumm*, 153 Idaho 533, 538, 285 P.3d 348, 353 (Ct. App. 2012) (holding that fleeting reference insufficient for mistrial). Only the latter warrants a mistrial. Johnson's racial slur was isolated and unsolicited, and the State did not repeat or emphasize it or rely on it during closing argument. No officer attributed racial motivation or animus to Johnson, in part because the officers to whom the slur was directed were white, and the comment did not expand the scope of the charged conduct. Because the remark was isolated, unsolicited and not emphasized or exploited by the State, Johnson has failed to show that the district court's denial of his mistrial motion constituted reversible error.

5

**C.    Cumulative Error**

Johnson also contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors (harmless in and of themselves) may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*.

Johnson argues that the cumulative effect of the challenged rulings deprived him of a fair trial. The State responds that no errors occurred. Because we have determined that the district court did not err in admitting the demeanor evidence or in denying the mistrial motion, there are no errors to accumulate. Johnson has failed to demonstrate at least two errors, a necessary predicate to the application of the cumulative error doctrine.

**IV.**

**CONCLUSION**

Johnson has failed to show the district court erred in admitting the challenged demeanor evidence and erred in denying his motion for mistrial. Johnson has also failed to show cumulative error. Accordingly, the order withholding judgment for felony malicious injury to property is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.