**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51607**

| | |
|---|---|
| STATE OF IDAHO,<br><br>       Plaintiff-Respondent,<br><br>v.<br><br>MARK ANTHONY RICKMAN,<br><br>       Defendant-Appellant. | **Filed: March 5, 2026**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of incarceration of seven years, for aggravated assault with a deadly weapon, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Mark Anthony Rickman appeals from the judgment of conviction entered after a jury found him guilty of aggravated assault with a deadly weapon. Rickman argues the district court abused its discretion in granting the State's motion in limine, which sought to prevent Rickman from presenting evidence regarding the Twin Falls County Sheriff's Office policy manual and whether the victim, Chris Boyd, an off-duty officer, failed to comply with the manual's guidelines as it related to off-duty officers. Rickman also argues the district court erred in failing to place him on probation. We hold the district court did not err in granting the State's motion in limine to preclude evidence about the manual or Boyd's compliance with the manual because it was not relevant to any fact at trial, including Boyd's credibility. The district court did not err in declining to place Rickman on probation.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

At the time of the underlying incident, Boyd was a Twin Falls County Sheriff's deputy. While Boyd was off duty, he and Rickman had an altercation with each other while both were driving. At trial, Boyd and Rickman presented different versions about what occurred. Boyd testified that he saw a blue sedan traveling approximately 80 miles per hour in a 45-mile-per-hour zone, driving erratically, and almost colliding with a school bus. Boyd attempted to catch up to the blue sedan, at which point the sedan slowed down and began following Boyd. Eventually, Boyd called 911 and pulled over. Rickman, who was driving the blue sedan, pulled in behind Boyd, got out of his vehicle, and approached Boyd's vehicle while holding a "white rag." Rickman tapped on Boyd's driver's side window, which was partially rolled down, pulled out a knife, and stabbed the knife towards Boyd.

Conversely, Rickman testified that he saw a white pickup, driven by Boyd, accelerate through a yellow light. Rickman testified that he later needed to change lanes, but Boyd was repeatedly speeding up and slowing down to prevent Rickman from doing so. Rickman sped up to pass Boyd and at one point, "brake checked" Boyd, who was then closely following him. Boyd eventually made a right-hand turn northbound, and Rickman stopped at an intersection to turn left southbound. When Rickman saw Boyd turn northbound and pull over, Rickman crossed over two lanes, also turned northbound, and pulled in behind Boyd's vehicle to confront Boyd. As Rickman approached Boyd's vehicle, he pulled out his cell phone to try to take a picture of Boyd, but could not figure out how to operate the camera. Shortly thereafter, law enforcement arrived.

Idaho State Police Trooper Michael Wendler arrived on the scene and conducted an extensive search for the knife, but it was never found. While Rickman's vehicle contained an axe, a straight razor, and other knives, Boyd confirmed none of those were the weapon used. Some of the encounter between Rickman and Boyd was caught on business surveillance cameras and Boyd's call to 911 was recorded. The surveillance videos and the audio recording of the 911 call were admitted at trial.

Rickman was charged with aggravated assault. Prior to trial, the State filed a motion in limine to prevent Rickman from introducing part of the Twin Falls County Sheriff's Office policy manual regarding prohibited actions for off-duty officers. The State argued the manual was irrelevant pursuant to Idaho Rule of Evidence 401 because the manual did not have any tendency to make any fact more or less probable than it would be without the evidence; was not probative

2

of Boyd's character for truthfulness; and did not challenge Boyd's competency or personal knowledge about the case.

At the hearing on the motion, Rickman referred to the part of the manual he believed was relevant and noted, "There's a Twin Falls County Sheriff policy manual on off-duty law enforcement actions. This is when you're off duty, it's generally discouraged from you taking any law enforcement action." Rickman then quoted from the manual: "If you witness a suspected DUI or reckless driving, you're not to intervene; just call 911; don't--and then there's more." Rickman also quoted an additional section of the manual: "If you're in an unmarked car or one without lights or sirens, you shall not pursue." Rickman argued that Boyd violated the manual, and that violation went to his veracity because Boyd "made some mistakes and tried to cover it." The district court set forth the relevant rule and concluded that the policy manual, and any evidence regarding Boyd's lack of compliance with that manual, was not relevant pursuant to I.R.E. 401.

Following a jury trial, Rickman was found guilty of aggravated assault with a deadly weapon; the remaining charges were dismissed. The district court imposed a unified sentence of fifteen years, with a minimum period of incarceration of seven years. Rickman appeals.

## II.

## STANDARD OF REVIEW

We review questions of relevance de novo. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

Challenges to a sentence are reviewed under an abuse of discretion standard. *State v. Chavez*, 174 Idaho 745, 759, 560 P.3d 488, 502 (2024). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A. Admissibility of Evidence of Policy Manual Violation

Rickman argues the district court erred in granting the State's motion in limine because the excluded evidence was relevant to Boyd's credibility. Rickman argues the district court misunderstood the relevance of the evidence because Rickman's defense was that he never

3

threatened Boyd and therefore Boyd was not truthful when he claimed Rickman threatened him with a knife. Rickman further argues that the district court's comparison of an off-duty officer to an off-duty employee of a private company was not an appropriate analogy because when officers are off duty, they have no authority to violate traffic laws like they do when they are on duty and performing official acts. Rickman also argues the State believed Boyd's training and experience as an officer was relevant because the State asked the jury to consider Boyd's "disposition and training" to conclude Boyd was more credible than Rickman. Finally, Rickman argues that because the evidence was relevant, the district court erred in excluding the evidence without conducting the I.R.E. 403 balancing test. The State argues the policy manual was irrelevant to whether Rickman committed aggravated assault or to any other relevant fact of consequence at trial. The State also argues that any potential relevance of the manual related to challenging Boyd's credibility rested upon Rickman's assertion that Boyd tried to cover up his actions that were in violation of the manual, and because Boyd did not attempt to cover up any of his actions, Boyd's compliance with the manual was irrelevant. The State further argues that even if the evidence was relevant, it was properly excluded under I.R.E. 403. The State alternatively asserts that even if the district court erred by excluding the evidence of the manual, any error was harmless.

We need not address whether the district court erred in excluding the evidence because even if the district court erred, any such error was harmless. Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). Where a criminal defendant shows an error based on a contemporaneously objected-to, nonconstitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt the error did not contribute to the jury's verdict. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). Thus, we examine whether the alleged error complained of in the present case was harmless. *See id.* Harmless error is error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record. *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020). This standard "requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error." *Id.* If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context

4

of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

Preliminarily, we cannot assume the evidence would have been admitted if the district court engaged in an I.R.E. 403 balancing test, and thus, even if the evidence was relevant, it may still have been excluded pursuant to I.R.E. 403. Nonetheless, even if the evidence had been admitted, its probative value was slight. As discussed above, there is no evidence in the record that supported Rickman's argument that Boyd attempted to cover up his lack of compliance with the policy manual.

On the other hand, the probative force of the record as a whole, even including that evidence, supports the jury's finding of guilt. For example, Rickman claimed he was scared for his life, but nonetheless followed Boyd, pulled in behind Boyd after Boyd pulled over, got out of his vehicle, walked over to Boyd's vehicle, and confronted Boyd. Similarly, Trooper Wendler testified that Rickman's story was inconsistent and vague, and at times, was not accurate. For example, Rickman told Trooper Wendler there were no knives in his vehicle; in fact, there were five knives discovered after a search of Rickman's vehicle. Also located in Rickman's vehicle was a white paper towel with a puncture hole, which was consistent with the "white rag" Boyd testified Rickman was holding. In the replaying of the 911 call, something metallic tapping on Boyd's vehicle door is audible and consistent with Boyd's testimony that Rickman tapped on Boyd's driver's side window. Also audible in the 911 recording is Boyd stating, "He just pulled a knife on me." The jury could make reasonable inferences from this evidence that support its verdict finding Rickman guilty of aggravated assault with a deadly weapon. After weighing the probative force of the record as a whole, while including the excluded evidence and at the same time comparing it against the probative force of the error, we hold any error was harmless.

## B.     Sentencing

Rickman also argues the district court erred in declining to place him on probation. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*,

117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Rickman's judgment of conviction and sentence are affirmed.

## IV.
## CONCLUSION

Any error in excluding the evidence regarding the sheriff's office policy manual or Boyd's compliance with the manual was harmless.  The district court's order granting the State's motion in limine is affirmed.  Rickman has failed to show the district court abused its sentencing discretion.  Rickman's judgment of conviction and sentence are affirmed.

Chief Judge TRIBE and Judge LORELLO, **CONCUR**.