**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48982**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 5, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| KRISTOPHER BRIAN LASSITER, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of conviction for four counts of aggravated assault, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Kristopher Brian Lassiter was found guilty of four counts of aggravated assault. Idaho Code §§ 18-901(b), 18-905(a). Lassiter appeals from the judgment of conviction, arguing the district court improperly instructed the jury on self-defense and defense of others by including elements inconsistent with Idaho's "stand-your-ground" law, I.C. § 19-202A. Lassiter also contends the district court improperly admitted irrelevant evidence of a victim's current fear of him. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from an altercation involving Lassiter and his friend, Matt, and the victims, Dan, Casey, Heath, and Sarah. At some point, Lassiter pointed a gun at the victims and threatened to kill them. The State filed a complaint alleging Lassiter committed four counts of aggravated

1

assault. Lassiter pled not guilty. Before trial, Lassiter proposed jury instructions, including two instructions on self-defense or defense of others. For self-defense, he requested an instruction based on the "stand-your-ground" law, I.C. § 19-202A[1] and an instruction on the duty to retreat, Idaho Criminal Jury Instruction (ICJI) 1519.

The district court conducted an informal jury conference. The district court submitted its proposed jury instructions to the parties, including two instructions on self-defense, Instruction Nos. 20 and 21. Instruction No. 20 included the entirety of ICJI 1517 (self-defense), with the addition of subsection (1) from the language of I.C. § 19-202A(2), providing that the defense of

---

[1]    Idaho Code § 19-202A states in full:

(1)  No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary, or when coming to the aid of another whom he reasonably believes to be in imminent danger of or the victim of aggravated assault, robbery, rape, murder or other heinous crime.

(2)  The defense of self or of another does not require a person to wait until he or she ascertains whether the danger is apparent or real. A person confronted with such danger has a clear right to act upon appearances such as would influence the action of a reasonable person.

(3)  In the exercise of the right of self-defense or defense of another, a person need not retreat from any place that person has a right to be. A person may stand his ground and defend himself or another person by the use of all force and means which would appear to be necessary to a reasonable person in a similar situation and with similar knowledge without the benefit of hindsight. The provisions of this subsection shall not apply to a person incarcerated in jail or prison facilities when interacting with jail or prison staff who are acting in their official capacities.

(4)  In any prosecution for the unlawful use of force, including deadly force, or the attempted or threatened use of force contrary to title 18, Idaho Code, the burden is on the prosecution to prove beyond a reasonable doubt that the use of force, attempted use of force or threat to use force was not justifiable.

(5)  A person using force or deadly force in defense of a habitation, place of business or employment or occupied vehicle as defined in section 18-4009(3), Idaho Code, is presumed to have acted reasonably and had a reasonable fear of imminent peril of death or serious bodily injury if the force is used against a person whose entry or attempted entry therein is unlawful and is made or attempted by use of force, or in a violent and tumultuous manner, or surreptitiously or by stealth, or for the purpose of committing a felony.

I.C. § 19-202A. Prior to 2018, I.C. § 19-202A contained subsection (1) only. I.C. § 19-202A (2017). In 2018, however, the legislature added the other four sections. Ch. 222, § 5, 2018 Idaho Sess. Laws 500, 502.

self or of another does not require a person to wait until he ascertains whether the danger is apparent or real. Instruction No. 21 contained the language from the first two sentences of I.C. § 19-202A(3)[2] providing that, in the exercise of the right of self-defense or defense of another, a person need not retreat from any place that person has a right to be, and may use all force necessary to a reasonable person similarly situated. The State indicated it had no objection to the district court's proposed instructions. Lassiter objected to the district court's proposed Instruction No. 20, which contained the language of ICJI 1517 and I.C. § 19-202A(2). Ultimately, the district court rejected Lassiter's proposed instructions and instructed the jury utilizing the court's Instruction Nos. 20 and 21.

The jury found Lassiter guilty of all four counts of aggravated assault. Lassiter timely appeals.

## II.

## STANDARD OF REVIEW

Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

We review questions of relevance de novo. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

## III.

## ANALYSIS

Lassiter appeals from his judgment of conviction for four counts of aggravated assault claiming that the district court erred by: (1) instructing the jury on the requirements of self-defense and defense of others; and (2) admitting testimony from one of the victims that she is still in fear of Lassiter based on his actions during the assault. Further, Lassiter argues the cumulative error

---

[2]     Instruction No. 21 did not include the third sentence of I.C. § 19-202A(3), nor did Lassiter request inclusion of that sentence, because the sentence only indicates the statute's inapplicability to an incarcerated person interacting with correctional staff acting in their official capacity. That exception does not apply in Lassiter's case

doctrine applies. The State claims there was no error, and even if there was error, any error was harmless.

**A.     Jury Instructions**

Lassiter argues that the district court erred in instructing the jury on self-defense and defense of others. The district court modified ICJI 1517 on self-defense by combining ICJI 1517 with the language from I.C. § 19-202A(2) in Instruction No. 20. The district court also gave Instruction No. 21, which is based on I.C. § 19-202(3). Additionally, the district court replaced ICJI 1519 (self-defense-duty to retreat), which Lassiter had requested, with language from I.C. § 19-202A(3) explaining "a person need not retreat from any place that person has a right to be" to create Instruction No. 21. The district court determined that the instructions, read as a whole, correctly stated the law and the applicable facts in this case. The district court rejected Lassiter's proposed instructions, concluding they were adequately covered by the other jury instructions, and the requested instructions were not completely applicable and could confuse the jury. The principal issue in this appeal is the legal accuracy of certain portions of ICJI 1517 in light of 2018 self-defense statutory changes reflected in I.C. § 19-202A.

Instruction No. 20 is excerpted below. As noted, the entirety of Instruction No. 20 is based on ICJI 1517, with the exception of one paragraph that is based on I.C. § 19-202A(2). Lassiter claims the paragraphs appearing in bold are erroneous.

> An aggravated assault is justifiable if the defendant was acting in self-defense or defense of another.
>
> In order to find that the defendant acted in self-defense or defense of another, all of the following conditions must be found to have been in existence at the time of the aggravated assault:
>
> 1.     The defendant must have believed that the defendant or another person was in imminent danger of bodily harm.
>
> 2.     **In addition to that belief, the defendant must have believed that the action the defendant took was necessary to save the defendant or another person from the danger presented.**
>
> 3.     The circumstances must have been such that a reasonable person, under similar circumstances, would have believed that the defendant or another person were in imminent danger of bodily injury and believed that the action taken was necessary.
>
> 4.     **The defendant must have acted only in response to that danger and not for some other motivation.**
>
> 5.     When there is no longer any reasonable appearance of danger, the right of self-defense or defense of another ends.

In deciding upon the reasonableness of the defendant's beliefs, you should determine what an ordinary and reasonable person might have concluded from all the facts and circumstances which the evidence shows existed at that time, and not with the benefit of hindsight.

The defense of self or of another does not require a person to wait until he or she ascertains whether the danger is apparent or real. A person confronted with such danger has a clear right to act upon appearances such as would influence the action of a reasonable person. [I.C. § 19-202A(2).]

The danger must have been present and imminent, or must have so appeared to a reasonable person under the circumstances. **A bare fear of bodily injury is not sufficient to justify an aggravated assault. The defendant must have acted under the influence of fears that only a reasonable person would have had in a similar position.**

The burden is on the prosecution to prove beyond a reasonable doubt that the aggravated assault was not justifiable. If there is a reasonable doubt whether the aggravated assault was justifiable, you must find the defendant not guilty.

Lassiter argues that although the ICJIs are presumed to be correct, because the bolded language is inconsistent with I.C. § 19-202A, the inclusion of such language was erroneous. Specifically, Lassiter asserts the bolded language incorporates "incorrect intent, motivation, and fear elements" inconsistent with I.C. § 19-202A and "gave the State three more opportunities to establish the lack of justification and, as a result, impermissibly lowered the State's burden to disprove self-defense." According to Lassiter, including the bolded language, taken from ICJI 1517, "required the jury to find [Lassiter] subjectively believed the action he took was necessary, [he] acted only in response to that danger and not for some other motivation, and acted under the influence of a fear that a reasonable person would have had in that situation" even though I.C. § 19-202A requires only a reasonable belief that the defendant or another is in imminent danger and an objectively reasonable response to that danger.

The State argues that the district court correctly instructed the jury. The State contends the district court was aware of the recent legislative amendment to I.C. § 19-202A, carefully considered the impact of these changes on the jury instructions, and incorporated the language from I.C. § 19-202A. The State asserts that the district court correctly refused to give Lassiter's proposed instruction because ICJI 1517 adequately addresses the elements necessary for self-defense; two of the paragraphs from Lassiter's proposed instruction were included in the court's instruction; and the other paragraphs from Lassiter's proposed instruction were not included because the law was either adequately covered by other instructions or not supported by the evidence presented at trial.

5

As noted, Lassiter argues that by virtue of the amendments to I.C. § 19-202A, a defendant's subjective belief is "wholly inapplicable to claim self-defense under I.C. § 19-202A." We disagree.

The pattern ICJI instructions are presumptively correct. The Idaho Supreme Court approved the pattern jury instructions and has recommended that the trial courts use the instructions unless a different instruction would more adequately, accurately, or clearly state the law. *State v. Reid*, 151 Idaho 80, 85, 253 P.3d 754, 759 (Ct. App. 2011). The district court's instructions clearly, adequately, and repeatedly explain the concept of reasonableness. The paragraphs in Instruction No. 20 challenged by Lassiter are not inconsistent with I.C. § 19-202A.

The first paragraph challenged by Lassiter addresses the concept of actual belief by a defendant that the actions taken were necessary. The amendments to I.C. § 19-202A did not preclude this and it is consistent with other portions of the self-defense statutes after the 2018 amendments. Idaho Code § 19-202A(2) provides that appropriate self-defense "does not require a person to wait until he or she ascertains whether the danger is apparent or real." Rather, "[a] person confronted with such danger has a clear right to act upon appearances such as would influence the action of a reasonable person." *Id.* This language from I.C. § 19-202A(2) was included in Instruction No. 20. Idaho Code § 19-202(2) provides that a defendant asserting self-defense may use the "degree and extent of force as would appear to be reasonably necessary to prevent the threatened injury," and that this reasonableness must be "judged from the viewpoint of a reasonable person placed in the same position and seeing and knowing what the person then saw and knew without the benefit of hindsight." What the person saw and knew at the time he acted in self-defense or the defense of others is necessarily subjective. Lassiter's claim that I.C. § 19-202A forecloses consideration of a defendant's subjective belief is not supported by the language of that statute and is contrary to the plain language of I.C. § 19-202(2).

The second paragraph challenged by Lassiter, instructed that Lassiter must have acted only in response to the imminent danger of bodily injury and not for some other motivation. This portion of Instruction No. 20 (incorporated from ICJI 1517) is simply a further explanation of what is required for self-defense and is consistent with I.C. § 19-201, which authorizes "[l]awful resistance to the commission of a public offense" by "the party about to be injured" or by "other parties." Stated another way, lawful resistance is allowed in response to a "public offense," like battery, and not for some other motivation.

6

Finally, the third paragraph of Instruction No. 20 challenged by Lassiter provides that subjective fear is not enough, on its own, to justify a self-defense claim. Rather, Instruction No. 20 required the jury to find that Lassiter "acted under the influence of fears that only a reasonable person would have had in a similar position." *See* ICJI 1517. This language is entirely consistent with the reasonable person standard incorporated into I.C. §§ 19-202 and 19-202A(2)-(3). *See* I.C. § 19-202(2) (requiring evaluation of whether action was "reasonably necessary to prevent the threatened injury" as "judged from the viewpoint of a reasonable person placed in the same position"); I.C. § 19-202A(2) (stating that person confronted with danger "has a clear right to act upon appearances such as would influence the action of a reasonable person"); I.C. § 19-202A(3) (stating that "person may stand his ground and defend himself or another person by the use of all force and means which would appear to be necessary to a reasonable person" similarly situated, without benefit of hindsight). And, as noted, the subjective component of this portion of Instruction No. 20 is not contrary to law.

The challenged paragraphs in Instruction No. 20 are neither contrary to the law nor did they lessen the State's burden of disproving Lassiter acted in self-defense or defense of others.[3] The district court's challenged jury instructions were not erroneous.

## B.     Victim's Testimony

Lassiter argues that the district court erred by allowing Sarah to testify that she was still scared of Lassiter. Lassiter argues that the fact Sarah was "still scared" is not relevant because it did not make any element of aggravated assault or any consequential fact more or less probable. Lassiter concedes that Sarah's mental state at the time of the assault was relevant, but claims that her fear at the time of trial did not make it more or less probable that Sarah had a well-founded fear of imminent violence during the aggravated assault. According to Lassiter, Sarah's fear at the time of trial only informed the jury that he is a scary person, which was not an element or consequential fact at issue.

---

[3]     Lassiter contends that the district court violated his due process rights in refusing to give the instructions that he requested. However, he does not claim that the district court's instructions do not embody the substance of his requested instructions. Since we have held that the district court's instructions were appropriate and sufficient under the law and facts of this case, Lassiter has not shown error in the refusal to give his requested instructions. A requested jury instruction need not be given if it is adequately addressed by other jury instructions. *State v. Garner*, 159 Idaho 896, 898, 367 P.3d 720, 722 (Ct. App. 2016).

7

The State counters that whether Sarah was still fearful at the time of trial was relevant to whether she had a well-founded fear at the time Lassiter pulled the gun on her. The State notes that Sarah had a unique role in the confrontation because she had recently ended a five-year relationship with Lassiter and was familiar with his knowledge of guns. Thus, the State asserts that it was important for the State to establish that Sarah's fearful emotional demeanor exhibited while testifying was based on the aggravated assault rather than on her relationship with Lassiter.

This testimony was at least minimally relevant as to whether Sarah feared Lassiter at the time he pointed a gun at her, and whether her demeanor while testifying was caused by her relationship with Lassiter or the fear she had while recounting the event. Lassiter makes no argument that any prejudicial effect of this testimony outweighed its relevance. The district court did not err in admitting Sarah's testimony that she still feared Lassiter.

## C.    Cumulative Error

Finally, Lassiter contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Lassiter has failed to demonstrate any error. As such, the cumulative error doctrine does not apply.

### IV.

### CONCLUSION

The district court's self-defense instructions were not erroneous and the admission of Sarah's testimony was not error. Accordingly, we affirm Lassiter's judgment of conviction.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.

8