**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49262**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  January 12, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SAMUEL EUGENE CLAGG, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County.  Hon. Jason D. Scott, District Judge.  Hon. Adam Dingledein, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Samuel Eugene Clagg appeals from the district court's intermediate appellate decision affirming his judgment of conviction.  Clagg asserts the district court erred in affirming the magistrate court's use of pattern jury instructions on the issue of self-defense and refusing to use Clagg's proposed self-defense jury instructions.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from a dispute between Clagg and Charlie Gibson.  Clagg was constructing a fence on his cousin's property when Gibson climbed over a closed gate onto the property.  During an argument, Gibson asked Clagg if he wanted to fight.  Gibson said "I carry" and began to leave, but then walked back to Clagg and pushed him.  Clagg punched Gibson, forced Gibson to the

1

ground, and briefly pinned him. Once released, Gibson left and reported the incident to law enforcement.

The State charged Clagg with misdemeanor battery. Clagg pled not guilty, and the case was set for trial. Clagg submitted proposed jury instructions which he derived from Idaho Code § 19-202A and objected to using Idaho Criminal Jury Instruction (ICJI) 1517 and ICJI 1518 to instruct the jury on self-defense as proposed by the State. During the jury instruction conference, Clagg argued ICJI 1517 did not reflect Idaho's newly codified amendments to the right to self-defense. Clagg argued the outdated ICJIs included elements not found in the amended self-defense statutes. The State objected to using Clagg's proposed self-defense instructions and asserted the pattern jury instructions adequately covered the issue of self-defense.

The magistrate court instructed the jury utilizing ICJIs 1517, 1518, and 1519; rejected Clagg's proposed alternative instructions; and declined to instruct the jury on a necessity defense. The jury found Clagg guilty. On intermediate appeal, the district court determined that the amendments to the self-defense statutes were intended to make the statutes consistent with case law and the pattern instructions. The district court affirmed the magistrate court. Clagg timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and

2

accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

# III.

# ANALYSIS

Clagg argues the district court erred by affirming the magistrate court's decision to use the pattern jury instructions for self-defense and refusing to give Clagg's proposed instructions. Clagg asserts that ICJI 1517 is outdated by virtue of the legislative amendments, misstates Idaho's current self-defense law, and includes elements that are not in the self-defense statute, I.C. § 19-202A. The State argues the instructions are correct, Clagg was not entitled to the utilization of his proposed self-defense instructions, and that any instructional error was harmless.

Clagg argues that ICJI 1517 either fails to follow or conflicts with I.C. § 19-202A in several ways. First, I.C. § 19-202A(2) provides that Idaho law "does not require a person to wait until he or she ascertains whether the danger is apparent or real. A person confronted with such danger has a clear right to act upon appearances such as would influence the action of a reasonable person." Yet, ICJI 1517 states: "A bare fear of bodily injury is not sufficient to justify a battery." Second, Clagg asserts that I.C. § 19-202A requires the jury to consider the defendant's subjective knowledge of the circumstances. Clagg relies on the following language in support of this assertion: "A person may stand his ground and defend himself or another person by the use of all force and means which would appear to be necessary to a reasonable person in a similar situation and with similar knowledge without the benefit of hindsight." I.C. § 19-202A(3). Yet, ICJI 1517 creates an entirely objective test and does not allow jurors to consider a defendant's subjective knowledge as a result of the following language: "The circumstances must have been such that a reasonable person, under similar circumstances, would have believed that the defendant was in imminent danger of bodily injury and believed that action taken was necessary." Finally, Clagg contends that there is no requirement in I.C. § 19-202A that a person exercising his right to self-defense "must have acted only in response to that danger and not for some other motivation," as is included in ICJI 1517. In sum, Clagg argues:

> An instruction consistent with I.C. § 19-202A, would ask the jurors to determine whether, in light of Mr. Clagg's subjective knowledge of the surrounding circumstances, he had an objectively reasonable fear that Mr. Gibson posed a danger to him at the time he acted in self-defense, then review the actions taken by Mr. Clagg to determine whether those actions were objectively reasonable under those circumstances. Under Idaho law, a bare fear of bodily injury would be

3

sufficient to justify Mr. Clagg committing a battery in self-defense, provided the jury found that fear to be objectively reasonable, and Mr. Clagg could have had an additional motivation in committing a battery upon Mr. Gibson and still act lawfully under Idaho law.

Recently, both the Idaho Supreme Court, in *State v. Doe (2021-38)*, 172 Idaho 292, 532 P.3d 396 (2023), and this Court in *State v. Lassiter*, 172 Idaho 314, 532 P.3d 418 (Ct. App. 2023), rejected the same three arguments raised by Clagg in this case. In *Doe*, the Court noted that "in 2018, the legislature passed the 'stand your ground' statute, and in doing so, explained that the 'intent' of the statute was to '*incorporate* provisions of . . . stand your ground *provided in Idaho case law and jury instructions* into certain section of this chapter." *Doe (2021-38)*, 172 Idaho at 298, 532 P.3d at 402. The Court determined that the three points made by *Doe* were without merit because the "'stand your ground' statute simply codified aspects of common law self-defense that have existed in Idaho for over 100 years, without abrogating those aspects it left uncodified." *Id.*

Regarding Clagg's first argument relating to ascertainment of danger, the Supreme Court in *Doe* found the argument "meritless" as the common law standard, now codified nearly word-for-word in I.C. § 19-202A(2), was set out long ago in *State v. McGreevey*, 17 Idaho 453, 466-67, 105 P. 1047, 1051-52 (1909). *Doe (2021-38)*, 172 Idaho at 299, 532 P.3d at 403. As to Clagg's second argument regarding imputing the defendant's subjective knowledge onto the reasonable person standard, the Supreme Court determined it to be "without merit" because imputing the actor's subjective knowledge to the reasonable person standard is already part of self-defense law under *McGreevey* and set forth in ICJIs 1517 and 1518. *Doe (2021-38)*, 172 Idaho at 299, 532 P.3d at 403. Finally, with respect to Clagg's third argument, that the stand your ground statute differs from the common law regarding motivation, the Supreme Court held that the argument was correct but irrelevant. The Court stated that exclusive "motivation" element in ICJI 1517 can be traced to language in *McGreevey* that force in self-defense must be for that purpose, i.e., not for another motivation. Moreover, the exclusive "motivation" element is neither expressly nor impliedly abrogated in the amended statute and, although not mentioned therein, as noted, the amendments were intended to incorporate existing aspects of self-defense law in Idaho. *Doe (2021-38)*, 172 Idaho at 300, 532 P.3d at 404. *Accord*, *Lassiter*, 172 Idaho at 317, 532 P.3d at 421.

The magistrate court's use of the ICJIs and rejection of Clagg's proposed instructions was proper and in accordance with *Doe* and *Lassiter*. The district court did not err in affirming the magistrate court's use of the pattern self-defense instructions and Clagg's judgment of conviction.

4

## IV.

## CONCLUSION

The magistrate court properly instructed the jury on self-defense. Accordingly, the judgment of the district court on intermediate appeal affirming the judgment of conviction is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.